SUMMERS, JR., PLAINTIFF, *v.* TANNER, ADMR., DEFENDANT.

No. 20769.   Decided September 19, 1958.

BAYNES, J.   The court at defendant's request granted a rehearing.   Oral argument was received and a supplemental memorandum filed.

Defendant urgently seeks the court to sustain the proposition that, where decedent's personal representative was not appointed within the one year statute of limitation, here applicable, plaintiff's claim is barred.   But this is not what the statutory extender provisions provide, viz., an action may be commenced *after the expiration of that time*; section 413.180 K. R. S. para. 3.

*Fix's Executor* v. *Cook*, 192 Ky., 731, 234 S. W., 453, relied on by defendant on this point relates to a situation where the personal representative of a deceased payee of a note sought to sue the maker-obligor after the statute of limitations expired. It suffices to say that the statute being construed was Kentucky statutes section 2526 and not section 2528.

Defendant in the final analysis is attempting to prevail on this court to hold where decedent-defendant's personal representative is not appointed before the one year statute of limitations expired, in this case on or before 30 March 1957, that plaintiff only has the right to sue the decedent's heirs or devisees *within two years after his death,* in this case between 1 April 1957 and 31 March 1958.

Without Kentucky authority to the contrary, we must assume the general rule that the maxim of "Expressio Unius Est Exclusio Alterius," the mention of one thing implies the exclusion of another, is to apply only as an aid in arriving at legislative intention and not to defeat the legislative intention; 37 Ohio Jurisprudence, 557, Sec. 296.

"The principle has been declared not to be applicable to permissive statute, or where there is some particular reason for mentioning the particular thing expressly mentioned by the statute and none for mentioning the thing under consideration."

There is good reason for restricting the commencement of an action against a personal representative within one year from the date of his appointment. But there is no good reason for holding, that if a personal representative is not appointed within one year after a defendant-decedent's death but is appointed before two years after his death, the action is not timely brought. It is certainly advantageous for the personal representative to stand the expense of a suit rather than the heirs or devisees, individually or collectively.

Finally, and controlling, the words of the extender statute do not explicitly or by implication require a personal representative to be appointed at any particular time within two years after a defendant-decedent's death in order for suit to be brought against him.

Two years is the maximum time of the extender in any event. So that a personal representative could not be qualified

on the last day of the two year extender and plaintiff then have another year to bring his action. However, if a personal representative is appointed prior to one year after a defendant decedent's death the two years would be shortened to a lesser time. Neither of these situations concern us here.

The court appreciates the earnest efforts of respective counsel in this interesting and apparently novel question.

Plaintiff's counsel is directed to prepare, submit to opposing counsel and the court, an entry overruling the demurrer, according to rule, noting exceptions and giving defendant leave to plead on or before 11 October 1958.